# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

S&T BANK,
      Plaintiff,

vs.

SAFECO INSURANCE COMPANY OF
AMERICA, GENERAL INSURANCE
COMPANY OF AMERICA, FIRST NATIONAL
INSURANCE COMPANY OF AMERICA, and
SAFECO NATIONAL INSURANCE COMPANY,
      Defendants.

Civil Action No. 07-01324

## MEMORANDUM ORDER

This matter is before the Court on Plaintiff's Motion to Strike Defective Removal, Correct Record and Remand [5], filed by Plaintiff S&T Bank on October 9, 2007.

## PROCEDURAL HISTORY

On September 17, 2007, Plaintiff filed a Complaint for Declaratory Judgment and Accounting against Defendants in the Court of Common Pleas, Indiana County, Pennsylvania, at Case No. 11728-CD-2007, arising out of an "Intercreditor and Mutual Subordination Agreement," entered into between S&T Bank (referred to therein as "Lender") and the Safeco Defendants (referred to therein as "Creditor") ("Intercreditor Agreement"). On or about September 24, 2007, Plaintiff served the Complaint upon the Defendants. On October 1, 2007, at approximately 8:56 a.m., Plaintiff filed a Praecipe to Settle and Discontinue Without Prejudice, pursuant to Pennsylvania Rule of Civil Procedure 229(a). At approximately 3:30 p.m. on the same day, Defendants filed a Notice of Filing of Notice of Removal, effectively removing Case No. 11728-CD-2007 to this Court.

As a result of the removal, on October 9, 2007, Plaintiff filed the instant motion. In its motion, Plaintiff proffers two arguments in support of remand: (1) Defendants are contractually

precluded from removing the instant action; and, or in the alternative, (2) Defendants' notice of removal was defective because the case was terminated prior to removal by way of Plaintiff's voluntary termination of its case under the Pennsylvania Rules of Civil Procedure. On October 18, 2007, Defendants filed Defendants' Response in Opposition to Remand, in which Defendants argue that (1) the Intercreditor Agreement is "not susceptible to the tortured interpretation" set forth by Plaintiff and that Plaintiff's "experienced Pennsylvania lawyers obviously know that 'objections' to jurisdiction and venue are brought by way of Preliminary Objections," Docket No. 9, at 1,7; and (2) "the law does not recognize the division of a day." Docket No. 9, at 8. On October 30, 2007, Plaintiff filed Plaintiff, S&T Bank's Reply Brief to Safeco's Response in Opposition to Remand.

Because the Court finds that the Defendants improperly removed the state court action insofar as the matter was no longer pending in state court at the time of removal, the Court declines to address Plaintiff's argument as to waiver and the forum-selection clause in the Intercreditor Agreement.

**ANALYSIS**

Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." 28 U.S.C. §§ 1332, 1447; *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987) (citations omitted). There is generally a presumption against removal, in order to give deference to Plaintiff's choice of forum. *Mcmanus v. Glassman's Wynnefield, Inc.*, 710 F.Supp. 1043, 1045 (E.D. Pa. 1989) (noting "the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor of remand").

Plaintiff argues that Defendants' Notice of Removal filed on October 1, 2007 was "defective

and invalid" because the state court action at Case No. 11728-CD-2007 was no longer pending as a result of Plaintiff's Praecipe to Settle and Discontinue, filed earlier that day. In response, Defendants assert that the law "does not recognize the division of a day." (Docket No. 9, at 8).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1446 governs the procedure of removal:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action *is pending* a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a) (emphasis added).

Pennsylvania Rule of Civil Procedure 229, entitled "Discontinuance," provides: "A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial." Pa.R.Civ.P. 229(a). Defendants do not dispute that Plaintiff filed a proper "Praecipe to Settle and Discontinue Without Prejudice" in the Court of Common Pleas of Indiana County on the morning of September 28, 2007; further, Defendants do not dispute the legal effect of Plaintiff's discontinuance notice under Pennsylvania Rule of Civil Procedure 229(a), i.e., voluntary termination of an action. On the contrary, Defendants merely assert that their filing of the notice of removal later that same day renders ineffectual

3

Plaintiff's discontinuance because "the law does not recognize the division of a day."  The Court disagrees.

In support of their argument, Defendants rely on *United States v. Will*, 449 U.S. 200 (1980), in which thirteen federal district judges filed a class action against the United States challenging the validity of certain statutes under the Compensation Clause of the U.S. Constitution, which provides that federal judges shall receive compensation which "shall not be diminished during their Continuance in Office."  Specifically, the federal statutes at issue stopped or reduced previously authorized cost-of-living increases initially intended to be automatically operative under federal law fixing the compensation of federal judges (among other high-level federal officials).  After engaging in a long discussion concerning jurisdiction and disqualification as well as the historical implications of the Compensation Clause, the Court arrived at the question relevant here: whether the federal statutes, in which, the Court determined, Congress intended to rescind the cost-of-living increases, violated the Compensation Clause.  The Court evaluated the federal statutes for each of the four years at issue, however only year 1 is relevant here.  For year 1, the Court found that because the President signed the federal statute reducing the automatic increases on October 1, 1976, at which time the pay increase had already taken effect (operative at the start of the fiscal year, that same day), the Court concluded that the statute repealed a salary increase already in force thus diminishing the compensation of federal judges in violation of the Compensation Clause. *Id.* at 224-25.  In an effort to refute this finding, the government argued that "the law does not recognize fractions of a day," the same passage relied upon by Defendants here.  The Court responded this way:

> [W]henever it becomes important to the ends of justice, or in order to
> decide upon conflicting interests, the law will look into fractions of
> a day, as readily as into the fractions of any other unit of time.  The

> rule is purely one of convenience, which must give way whenever the rights of parties require it. ... The law is not made of such unreasonable and arbitrary rules.

*Will*, 449 U.S. at 225 n.29 (citing *Louisville v. Savings Bank*, 104 U.S. 469, 474-475 (1881) (quoting *Grosvenor v. Magill*, 37 Ill. 239, 240-241 (1865) (citations omitted))).[1] *See also National Bank v. Burkhardt*, 100 U.S. 686, 689 (1879) ("For most purposes the law regards the entire day as an indivisible unit. But when the priority of one legal right over another, depending upon the order of events occurring on the same day, is involved, this rule is necessarily departed from"). The Court agrees with this well-reasoned analysis in *Will* and finds it plainly applicable here in that, in order to "decide upon conflicting interests" between S&T Bank and the Safeco Defendants, the Court must "look into the fractions of a day." Moreover, the Court concludes that it is in the interests of justice to do the same. Therefore, absent any further argument or evidence from Defendants demonstrating to the contrary, the Court concludes that the action at No. 11728-CD-2007 was not pending at the time of Defendants' notice of removal and thus not removable under 28 U.S.C. § 1441(a).[2]

## CONCLUSION

Accordingly, considering the deference given to a plaintiff to select the forum and the presumption in favor of remand, and resolving all doubts in favor of remand, the Court concludes that the state court action at No. 11728-CD-2007 was not pending at the time of Defendants' notice

---

[1] As pointed out by Plaintiff, Defendants cite the one sentence from *Will* in support of their argument but "conveniently omit[]" the above passage. (Docket No. 15 at 7).

[2] In further support of its argument regarding the discontinuance of Plaintiff's state court action, Defendants allege that "[Plaintiff's] unclean hands are painfully obvious." (Docket No. 9 at 8). However, Defendants cite no evidence in support of its bold allegations of collusion but merely provide argument of counsel--the Court deems the latter insufficient to prevent remand.

5

of removal as a result of Plaintiff's voluntary termination. Hence, the Court GRANTS Plaintiff's Motion to Strike Defective Removal, Correct Record and Remand [5]. However, the Court DENIES Plaintiff's request for attorney's fees. Accordingly, the Court DIRECTS the Clerk of the Court to remand this action to the Court of Common Pleas of Indiana County, Pennsylvania FORTHWITH.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: March 17, 2008.

cc/ecf: All counsel of record.